UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERTO JIMENEZ-PARES,

      Petitioner,

    v.                         Case No.:  2:26-cv-01654-SPC-NPM

I.C.E.,

      Respondent,

                                           /

## **OPINION AND ORDER**

Before the Court are petitioner Roberto Jimenez-Pares's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 15).

Jimenez-Pares is a native of Cuba who entered the United States in 1984 and later became a lawful permanent resident.  An immigration judge stripped him of that status and ordered him removed on February 22, 2006.  Jimenez-Pares was subsequently convicted of aggravated assault on a law enforcement officer, resisting an officer with violence, and grand theft of a motor vehicle and sentenced to 33 months in prison.  Immigration and Customs Enforcement took custody of Jimenez-Pares after he served his sentence, then released him under an order of supervision on July 14, 2011.  Since then, Jimenez-Pares has been convicted of grand theft in 2012, grand theft and driving with a suspended license in 2014, and driving with no license (habitual) in 2026.

On March 30, 2026, ICE notified Jimenez-Pares it revoked his release under 8 C.F.R. § 241.13(i) because he violated a condition of release and because there is a significant likelihood of removal in the reasonably foreseeable future. ICE conducted an informal interview and took Jimenez-Pares into custody that day. Jimenez-Pares argues his detention is unlawful because there is no significant likelihood of removal in the reasonably foreseeable future.

Even assuming there is no significant likelihood of removal in the reasonably foreseeable future, Jimenez-Pares's current detention is lawful. 8 C.F.R. § 241.13(i) allows ICE to revoke release when a noncitizen violates a condition of release. Jimenez-Pares violated a condition of his release by committing multiple crimes. ICE complied with § 241.13(i) by providing Jimenez-Pares written notice of the reasons for revocation and an opportunity to address those reasons in an informal interview. Jimenez-Pares "may be continued in detention for an additional six months in order to effect [his] removal, if possible, and to effect the conditions under which [he] had been released." 8 C.F.R. § 241.13(i)(1). After that six-month period, Jimenez-Pares may request review of his detention by the HQPDU. *See* 8 C.F.R. § 241.13(j).

It appears ICE has thus far complied with the applicable regulation and afforded Jimenez-Pares the process he is due. His detention is lawful.

Accordingly, it is hereby

**ORDERED:**

Roberto Jimenez-Pares Petition for Writ of Habeas Corpus (Doc. 1) is

**DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and

deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 3, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record